IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| vs. | * | CASE NO. 4:94-CR-60 (CDL) |
| KEITH BERNARD AUSTIN, | * | |
| Defendant. | * | |

O R D E R

On March 3, 1995, Defendant Keith Bernard Austin ("Austin") pled guilty to possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) ("Count One") and possession of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c) ("Count Two"). On July 27, 1995, Austin was sentenced to 262 months imprisonment on Count One and 60 months' imprisonment on Count Two. Presently pending before the Court is Austin's Motion for Sentence Reduction (ECF Nos. 42 & 45). Austin does not challenge the 60 month sentence for Count Two, but he contends that the sentence for Count One should be reduced from 262 months to 188 months pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 750 to the U.S. Sentencing Guidelines and the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372. As discussed below, Austin is not entitled to a sentence reduction under Amendment 750 or the FSA. Austin's motion is therefore denied.

BACKGROUND

After Austin pled guilty to Count One and Count Two, the Court calculated Austin's sentencing guideline range using the U.S. Sentencing Commission Guidelines Manual ("U.S.S.G." or "Sentencing Guidelines") in effect at the time. Austin's offense involved approximately fifty-five grams of cocaine base, also known as crack cocaine. Based on the

Sentencing Guidelines' Drug Quantity Table, Austin's base offense level was 32. U.S.S.G. § 2D1.1(c)(4) (1994). The Court, however, determined that Austin was a career offender. Therefore, pursuant to U.S.S.G. § 4B1.1(b), Austin's offense level was 37 because, in 1995, the offense of possession with intent to distribute 50 grams or more of cocaine base carried a maximum sentence of life imprisonment. *E.g.*, Plea Hr'g Tr. 7:6-9, ECF No. 20. Austin received a three-point adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, so his total offense level was 34. Based on a total offense level of 34 and a criminal history category of VI, Austin's guideline range for Count One was 262 to 327 months' imprisonment. On July 27, 1995, the Court sentenced Austin to 262 months' imprisonment on Count One.

## DISCUSSION

The Court may modify a term of imprisonment "in limited circumstances, including where a defendant 'has been sentenced to a term of imprisonment *based on a sentencing range that has subsequently been lowered* by the Sentencing Commission.'" *United States v. Lawson*, 686 F.3d 1317, 1319 (11th Cir. 2012) (per curiam) (emphasis added) (quoting 18 U.S.C. § 3582(c)(2)). Austin contends that his sentence should be reduced in light of the FSA and Amendment 750 to the Sentencing Guidelines.

"Until 2010, [21 U.S.C. § 841] imposed upon an offender who dealt in powder cocaine the same sentence it imposed upon an offender who dealt in one one-hundredth that amount of crack cocaine." *Dorsey v. United States*, 132 S. Ct. 2321, 2326 (2012). The FSA, which became effective on August 3, 2010, reduced "the crack-to-powder cocaine disparity from 100–to–1 to 18–to–1" and amended the penalty provisions of 21 U.S.C. § 841 to increase the total amount of crack cocaine necessary to trigger mandatory minimum sentences. *Id.* Under the FSA, the amount of crack cocaine that triggers the 10-year minimum sentence/maximum life sentence was

increased from 50 grams to 280 grams.  FSA § 2(a)(1), 21 U.S.C. § 841(b)(1)(A)(iii).  The amount of crack cocaine that triggers the 5-year minimum sentence/40-year maximum sentence was increased from 5 grams to 28 grams.  FSA § 2(a)(2), 21 U.S.C. § 841(b)(1)(B)(iii).  In conformity with the FSA's mandate to the U.S. Sentencing Commission, the Commission issued an amended guideline lowering the base offense levels for particular crack cocaine quantities in U.S.S.G. § 2D1.1(c).  U.S.S.G. App. C, Amend. 748.  On November 1, 2011, Amendment 750 made the amended guideline permanent.  *Id.* Amend. 750.  Therefore, under Amendment 750 and 18 U.S.C. § 3582(c)(2), the Court may grant a sentence reduction if the original sentence was based on the Sentencing Guidelines' Drug Quantity Table of § 2D1.1(c) and the reduction is consistent with applicable Sentencing Commission policy statements.

     Austin acknowledges that his sentence was based on the career offender guideline of § 4B1.1 and not the Sentencing Guidelines' Drug Quantity Table of § 2D1.1.  Amendment 750 reduced the base offense levels in § 2D1.1 but not in § 4B1.1, so Amendment 750 "does not alter the sentencing range upon which [Austin's] sentence was based, [and] § 3582(c)(2) does not authorize a reduction in sentence."  *United States v. Moore*, 541 F.3d 1323, 1330 (11th Cir. 2008); *accord Lawson*, 686 F.3d at 1321.  Austin contends that *Moore* was called into question by the Supreme Court's decision in *Freeman v. United States*, 131 S. Ct. 2685 (2011).  In *Lawson*, however, the Eleventh Circuit emphasized that "*Moore* remains binding precedent because it has not been overruled."  *Lawson*, 686 F.3d at 1321.  "Neither the plurality opinion nor Justice Sotomayor's concurrence in *Freeman* addressed defendants who were assigned a base offense level under one guideline section, but who were ultimately assigned a total offense level and guideline range under § 4B1.1."  *Id.*  Under *Lawson* and *Moore*, Amendment 750 does not authorize a reduction of Austin's sentence.

Austin also contends that the FSA itself authorizes a reduction of his sentence. Specifically, Austin argues that the Court should consider the FSA's revised statutory penalties and reduce his sentence to reflect the career offender base offense level that would have existed had the FSA been in effect in 1995. As discussed above, in 1995, the offense of possession with intent to distribute 50 grams or more of cocaine base carried a maximum sentence of life imprisonment, so Austin's offense level pursuant to U.S.S.G. § 4B1.1(b) was 37. Based on the FSA, the current maximum sentence for possession with intent to distribute fifty-five grams of cocaine is forty years. 21 U.S.C. §§ 841(b)(1)(A)(iii), (B)(iii). If Austin were being sentenced today, his offense level pursuant to U.S.S.G. § 4B1.1(b) would be 34. The FSA, however, does not apply retroactively to Austin's 1995 sentence. *United States v. Hippolyte*, No. 11-15933, 2013 WL 978695, at *5 (11th Cir. Mar. 14, 2013); *United States v. Berry*, 701 F.3d 374, 377-78 (11th Cir. 2012) (per curiam); *cf. Dorsey*, 132 S. Ct. at 2335 ("[I]n federal sentencing the ordinary practice is to apply new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced."). Because the FSA does not apply retroactively to Austin's 1995 sentence, the FSA does not authorize a reduction of Austin's sentence.

## CONCLUSION

Neither Amendment 750 nor the FSA authorizes a reduction of Austin's sentence, so Austin's Motion for Sentence Reduction (ECF Nos. 42 & 45) is denied.

IT IS SO ORDERED, this 29th day of March, 2013.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE